**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**

**CHAPTER 13 PLAN - AMENDED**
**AND RELATED MOTIONS**

Name of Debtor(s):   **Eric R Blackburn**
**Kathy S Blackburn**                                        Case No:   **12-34299**

This plan, dated   **August 22, 2014**  , is:

    ☐   the *first* Chapter 13 plan filed in this case.
    ■   a modified Plan, which replaces the
        ■confirmed or ☐unconfirmed Plan dated **6/11/13**.

    Date and Time of Modified Plan Confirming Hearing:
    **10/1/14 at 9:10am**
    Place of Modified Plan Confirmation Hearing:
    **701 East Broad Street, Room 5000, Richmond, VA 23219**

    The Plan provisions modified by this filing are:
    **Changed payment amount per month. Half is to be mailed in by the Wife and half is to come from the Husband's job with Amazon.**

    Creditors affected by this modification are:
    **ALL**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

    Total Assets: **$118,730.77**
    Total Non-Priority Unsecured Debt: **$22,141.36**
    Total Priority Debt: **$1,774.53**
    Total Secured Debt: **$110,187.34**

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$500.75 Monthly for 24 months, then $800.00 Monthly for 36 months**. Other payments to the Trustee are as follows: __NONE__ . The total amount to be paid into the plan is $ __40,818.00__ .

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $__2,731.00__ balance due of the total fee of $__3,000.00__ concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **Chesterfield County** | **Taxes and certain other debts** | 145.69 | Prorata 3 months |
| **White and Associates** | **Taxes and certain other debts** | 170.18 | Prorata 3 months |
| **White and Associates** | **Taxes and certain other debts** | 478.66 | Prorata 3 months |
| **White and Associates** | **Taxes and certain other debts** | 980.00 | Prorata 3 months |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **Regional Acceptance Co** | 2000 Ford Mustang, 140,000miles value based upon nada value | Opened  8/01/02 Last Active 7/05/09 | 1,822.02 | 5,875.00 |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                   Best Case Bankruptcy

    B.    **Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **-NONE-** | | | |

    C.    **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Regional Acceptance Co** | **2000 Ford Mustang, 140,000miles value based upon nada value** | **25.00** | **Trustee** |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

    D.    **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Regional Acceptance Co** | **2000 Ford Mustang, 140,000miles value based upon nada value** | **1,822.02** | **4%** | **Prorata 48 months** |

    E.    **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.**    **Unsecured Claims.**

    A.    **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __**100**__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __**0**__ %.

    B.    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **-NONE-** | | |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Citifinancial Mortgage Company | Location: 4101 Paulhill Road, Richmond VA 23236 value based upon the higher of the owners fmv and the current tax assessment for 2012(171,200) | 987.00 | 27,956.96 | 0% | 48 months | Prorata |

   B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

   C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

   B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                                                Best Case Bankruptcy

7. **Liens Which Debtor(s) Seek to Avoid.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

   | Creditor | Collateral | Exemption Amount | Value of Collateral |
   |---|---|---|---|
   | -NONE- | | | |

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

   | Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
   |---|---|---|---|
   | -NONE- | | | |

8. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                                          Best Case Bankruptcy

**11.**     **Other provisions of this plan:**
**Debtor to commence paying the mortgage in August 2012. All pre-petition arrears are in the plan.**

**The Chapter 13 Trustee is authorized to extend the term of the plan as necessary in order to maintain the minimum percentage payout to unsecured creditors as set forth in the Chapter 13 Plan.**

**I. Payment of Attorney Fees and Costs - The claims for attorney fees and costs shall be paid by all funds available on first disbursement after confirmation of the plan (fees) and entry of proof of claim for actual costs (costs), and thereafter until such claims for attorney fees and costs is paid in full, except as reserved for adequate protection payments on allowed secured claims (if any), and Trustee commissions.**

**II. Adequate Protection - creditors with allowed secured claims provided for in section 3.A & 3.B shall be paid monthly adequate protection payments through the Ch. 13 Trustee until plan confirmation as follows:**

**Regional Acceptance -- $25.00 adequate protection**

**The amounts listed above shall be remitted only upon the actual filing of a creditors proof of claim or as required by local rules and U.S. Bankruptcy Law.**

**III. Direct Payments on Secured Debts:**
**To be paid directly by debtor, co-debtor, or third party. Creditors named below whose claims are allowed will be paid directly by debtor, co-debtor, or third party in accordance with the terms of the contract and security agreement.**

**Creditor: Citifinancial Mortgage**
**Collateral Description: Principal Residence**

**Signatures:**

**Dated:**    August 22, 2014

/s/ Eric R Blackburn                                      /s/ Nnika E. White, Esq.
**Eric R Blackburn**                                     **Nnika E. White, Esq. 47012**
**Debtor**                                                     **Debtor's Attorney**

/s/ Kathy S Blackburn
**Kathy S Blackburn**
**Joint Debtor**

**Exhibits:**      **Copy of Debtor(s)' Budget (Schedules I and J);**
                    **Matrix of Parties Served with Plan**

Certificate of Service

I certify that on __**August 22, 2014**__, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Nnika E. White, Esq.**
**Nnika E. White, Esq. 47012**
Signature

**9101 Midlothian Turnpike**
**Suite 800**
**Richmond, VA 23235**
Address

**(804) 377-9431**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                                              Best Case Bankruptcy

**B6I (Official Form 6I) (12/07)**

In re **Eric R Blackburn / Kathy S Blackburn**                                  Case No. **12-34299**
                                                                                                                                         Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **Son** | AGE(S): **18 years** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Quality Control | |
| Name of Employer | Amazon | Unemployed |
| How long employed | 1 year | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 1,516.67 | $ 0.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 1,516.67 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ 325.00 | $ 0.00 |
|    b. Insurance | $ 0.00 | $ 0.00 |
|    c. Union dues | $ 17.33 | $ 0.00 |
|    d. Other (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 342.33 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 1,174.34 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): **Disability for Wife** | $ 0.00 | $ 1,624.40 |
|    **Help from Son's disability** | $ 0.00 | $ 881.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ 2,505.40 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 1,174.34 | $ 2,505.40 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 3,679.74 |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**debtor is working a part time job now that will sustain the first few months of the plan but is in the process of securing a second job as well, which will be able to fund the increase in month 4 of the plan.**

**B6J (Official Form 6J) (12/07)**

In re **Eric R Blackburn**
**Kathy S Blackburn**
Debtor(s)

Case No. **12-34299**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 892.00 |
| a. Are real estate taxes included? | Yes ___    No **X** | |
| b. Is property insurance included? | Yes ___    No **X** | |
| 2. Utilities:  a. Electricity and heating fuel | | $ 250.00 |
| b. Water and sewer | | $ 70.00 |
| c. Telephone | | $ 150.00 |
| d. Other  **See Detailed Expense Attachment** | | $ 300.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 25.00 |
| 4. Food | | $ 600.00 |
| 5. Clothing | | $ 25.00 |
| 6. Laundry and dry cleaning | | $ 25.00 |
| 7. Medical and dental expenses | | $ 50.00 |
| 8. Transportation (not including car payments) | | $ 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 0.00 |
| 10. Charitable contributions | | $ 100.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | | $ 0.00 |
| b. Life | | $ 0.00 |
| c. Health | | $ 0.00 |
| d. Auto | | $ 190.00 |
| e. Other | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) | | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | | $ 0.00 |
| b. Other | | $ 0.00 |
| c. Other | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other | | $ 0.00 |
| Other | | $ 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)     $ **2,877.00**

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME
a. Average monthly income from Line 15 of Schedule I     $ **3,679.74**
b. Average monthly expenses from Line 18 above     $ **2,877.00**
c. Monthly net income (a. minus b.)     $ **802.74**

**B6J (Official Form 6J) (12/07)**

In re **Eric R Blackburn**
**Kathy S Blackburn**                                           Case No. **12-34299**

Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---|
| **Cable** | $ **100.00** |
| **Cell phone** | $ **200.00** |
| **Total Other Utility Expenditures** | $ **300.00** |

```
Afni
404 Brock Drive
PO box 3427
Bloomington, IL 61702-3427


Afni, Inc.
Attn: DP Recovery Support
Po Box 3427
Bloomington, IL 61702


Bennet & Deloney, PC
1265 E. fort Union Blvd
Suite 150
Midvale, UT 84047-1808


Bon Secours
Richmond Health Systems
P. O . Box 404893
Atlanta, GA 30384-4893


CBCS
P. O. Box 69
Columbus, OH 43216


Chesterfield County
Real Estate Taxes
PO Box 26585
Richmond, VA 23285-0088


Chesterfield Family Practice
2500 Pocoshock Place
Suite 104
Richmond, VA 23235


Chesterfield General District
9500 Courthouse Road
Chesterfield, VA 23832


Chesterfield Oral Surgery, Inc
10110 Iron Bridge Road
Chesterfield, VA 23832


Citifinancial Mortgage Company
PO Box 140609
Irving, TX 75014
```

```
CJW Medical Center
P. O. Box 99400
Louisville, KY 40269


Commonwealth Radiology, PC
1508 Willow Lawn Drive
Suite 117
Richmond, VA 23230-3421


Credit Adjustment Board
306 East Grace Street
Richmond, VA 23219-1718


Dial America
960 Macarthur Blvd.
Mahwah, NJ 07495-0010


Dominion Power
P. O. Box 26543
Richmond, VA 23290-0001


Ducks Disposal
PO Box 5657
Midlothian, VA 23112


Federal Credit Corp
Po Box 599
Colleyville, TX 76034


Focus Recry
97 Metropolitan Co
Richmond, VA 23236


Focused Solutions
9701 Metropolitan Crt Ste B
Richmond, VA 23236-3662


Infectious Disease Specialists
7605 Forest Ave., Ste 410
Henrico, VA 23229


Inpatient Medical Services PA
P.O. Box 41367
Houston, TX 77241
```

```
Law Offices George Gusses Co.
33 S. Huron St.
Toledo, OH 43604-8705


Marmac Transportation Serv Inc
P.O. Box 598
Accomac, VA 23301


MCV Physicians
of The VCU Health System
1605 Rhodemiller Street
Richmond, VA 23220-1100


Monument Pathologists Inc
P.O. Box 5468
Martinsville, VA 24115-5468


NCO Financial Systems
507 Prudential Dr
Horsham, PA 19044


NCO Financial Systems
1804 Washington Blvd
Baltimore, MD 21230


OB Hospitalist Group, LLC
P.O. Box 6804
Greenville, SC 29606-6804


Parrish and Lebar, LLP
5 East Franklin Street
Richmond, VA 23219


Pediatric Dentistry
7410 Hull Street Rd
Richmond, VA 23235-5834


Pleasure Pool
20131 Oak River
Petersburg, VA 23803


Professional Emerg Care
PO Box 3475
Toledo, OH 43607-0475
```

```
Pulmonary Assocof Richmond
1504 Santa Rosa Road 205
Richmond, VA 23229


Radiology Associates of Rich
2602 Buford Road
Richmond, VA 23235


Regional Acceptance Co
304 Kellm Road
Virginia Beach, VA 23462


Richmond Emergency Physic
PO Box 79013
Baltimore, MD 21279-0013


Rodale
33 E. Minor Street
Emmaus, PA 18098


Schettine & Nguyen
319 West Franklin Street
Richmond, VA 23220


Sharon N. Horner & Assoc
6804 Patterson Ave., Suite A
Richmond, VA 23226


St. Mary's of Richmond Pro Fee
8585 S Broadway, Ste 880
Merrillville, IN 46410


The Rahman Group
8905-B Three Chopt Road, Ste 1
Henrico, VA 23229


Virginia Cardiovascular Spec
5875 Bremo Road
Suite 512
Richmond, VA 23226-1934


Virginia Emer Phys LLP
75 Remittance Drive
Suite 1151
Chicago, IL 60675-1151
```

```
Virginia Surgical Assoc.
417 Libbie Ave.
Richmond, VA 23226


West End Anesthesia Grp
5855 Bremo Road
Richmond, VA 23226-1926


Winfree Oil Company
3811 Huntwood Road
Richmond, VA 23235
```