UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:      ERIC R. BLACKBURN and                     Case No. 12-34299-KRH
            KATHY S. BLACKBURN,                       Chapter 13

        Debtors.

## MEMORANDUM OPINION

Before the Court is the Motion for Relief From the Automatic Stay and Co-debtor Stay Under 11 U.S.C. § 1301(c)(3) (the "Motion") filed by U.S. Bank Trust National Association, as Trustee of the PRP II Pals Investments Trust (the "Movant"). On March 22, 2017, the Court held a hearing (the "Hearing") on the Motion. At the conclusion of the Hearing, the Court announced that it would grant the Motion. An order granting relief from the automatic stay and co-debtor stay was entered on March 30, 2017. This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[1]

### Procedural and Factual Background

Eric R. Blackburn and Kathy S. Blackburn (collectively, the "Debtors") filed a voluntary petition under chapter 13 of the Bankruptcy Code on July 23, 2012.[2] The Debtors' chapter 13 plan, confirmed on October 16, 2012, required the Debtors to make 55 monthly payments both

---

[1] Bankruptcy Rule 9014(c) makes Bankruptcy Rule 7052 applicable to this contested matter. *See* Fed R. Bankr. P. 9014(c). Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed R. Bankr. P. 7052.

[2] This Bankruptcy case was commenced on the heels of a prior case filed on February 21, 2010, that was dismissed on June 29, 2012, for failure to make payments under a confirmed plan. *See* Order Granting Motion to Dismiss Case, *In re Eric R. Blackburn and Kathy S. Blackburn,* Case No. 10-31135-DOT (Bankr. E.D. Va. June 29, 2012), ECF No. 61. As the commencement of this case triggered the provisions of 11 U.S.C. § 362(c)(3), the Court timely entered an order in the case at bar extending the automatic stay. *See* Order Granting Motion to Extend Stay, *In re Eric R. Blackburn and Kathy S. Blackburn,* Case No. 12-34299-KRH (Bankr. E.D. Va. Sept. 6, 2012), ECF No. 18. Thus, the Debtors have had the benefit of the continued protection of the automatic stay for the past seven years.

inside the plan to the Chapter 13 Trustee and outside the plan directly to long-term creditors. On July 24, 2015, the Debtors filed a modified 60-month plan (the "Modified Plan"). The Modified Plan required the Debtors to continue to make regular contract payments on the note secured by their real property (the "Mortgage") at 4101 Paulhill Road, Richmond VA 23236 (the "Property") directly to the note holder outside the Modified Plan. The Modified Plan also provided for the Debtors to make monthly payments to cure arrearages that had accrued on the Mortgage to the Chapter 13 Trustee inside the Modified Plan. The Court confirmed the Modified Plan by order entered September 3, 2015.

On December 15, 2016, the Movant filed the Motion. The Motion complied with the requirements of LBR 4001(a)-1(D). The Motion alleges that the Debtors failed to make post-petition payments on the Mortgage between March 12, 2013 and November 12, 2016. The Motion further alleges that the post-petition arrearages on the Mortgage total $40,050.44 as of December 6, 2016. The Motion requests that the Court terminate the automatic stay so the Movant can foreclose its deed of trust lien on the Property because the Debtors failed to make post-petition payments and because the Movant is not adequately protected.

On December 29, 2016, the Debtors, by counsel, filed a response to the Motion (the "Response"). In the Response, the Debtors assert that the Movant failed to allege that it was the holder of the note secured by the Mortgage, and thus, the Movant lacks standing to bring the Motion. Alternatively, the Debtors admit the amount of the post-petition arrearage, but deny that the sum is owed to the Movant. The Debtors ask the Court to deny the Motion.

**Jurisdiction and Venue**

The Court has subject matter jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the General Order of Reference from the United States District Court for

the Eastern District of Virginia dated August 15, 1984. This is a core proceedings under 28 U.S.C. § 157(b)(2)(G). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408.

### Conclusions of Law

The filing of a petition under the Bankruptcy Code imposes an automatic stay protecting the debtor, the debtor's property, and property of the estate[3] against a wide range of creditor actions. *See* 11 U.S.C. § 362(a).[4] The automatic stay prohibits, among other things, a creditor from engaging in "any act . . . enforce any lien against property of the estate . . ." or "any act to . . . enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title . . . ." *Id*. § 362(a)(5), (6); *see also In re Moffett*, 288 B.R. 721, 724 (Bankr. E.D. Va. 2002).

A creditor can move the court for relief from the automatic stay if the creditor can show "cause, including the lack of adequate protection[5] of an interest in property of such party in interest . . . ." *Id.* § 362(d)(1); *see also In re Moffett*, 288 B.R. at 724. Courts have found "cause" exists when a debtor fails to make post-petition mortgage payments as required by a confirmed plan. *See In re Neals*, 459 B.R. 612, 620-21 (Bankr. D.S.C. 2011) ("This Court finds that Debtors' failure to make any direct payments to ASC since the filing of their petition almost a year ago constitutes a substantial default of their obligations under the terms of the chapter 13 plan and the Note and Mortgage, and thus constitutes cause for relief from the automatic stay

---

[3] "Property of the bankruptcy estate is comprised of 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" *Phillips v. Diecast Marketing Innovations, LLC, et al. (In re Collecting Concepts, Inc.)*, No. 99-60268-T, 99-6003-T, 2000 WL 1191026, *at 3 (Bankr. E.D. Va. Feb. 28, 2000) (citing 11 U.S.C. § 541(a)(1)).

[4] In chapter 13 cases, the stay is extended to co-debtors of the debtors under the provisions of 11 U.S.C. § 1301.

[5] "Adequate protection" is defined under 11 U.S.C. § 361. "Adequate protection" can include periodic payments to the lienholder or an equity cushion. *See* 11 U.S.C. § 361; *Heritage Sav.& Loan Ass'n v. Rogers Dev. Corp.* (*In re Rogers Dev. Corp.*), 2 B.R. 679 (Bankr. E.D. Va. 1980) (holding that an "equity cushion" can constitute "adequate protection" for purposes of 11 U.S.C. § 361).

under § 362(d)(1)."). A party seeking relief under 11 U.S.C. § 362(d) has the burden of proof concerning "the issue of the debtor's equity in the property" and the non-moving party has the burden "on all other issues." 11 U.S.C. § 362(g); *see also In re Cho*, 164 B.R. 730, 732 (Bankr. E.D. Va. 1994) ("It is the plaintiff's burden to show that the debtors have no equity in the property and the burden of all other issues rest upon the debtors. 11 U.S.C. § 362(g).").

In the case at bar, the Court is satisfied that "cause" exists to grant the Motion. At the Hearing, the Court found that the Debtors have failed to make any payments on the Mortgage since March 2013. In fact, the Debtors admitted in their Response that they had not made payments under the Mortgage. The Modified Plan recites that in July of 2013, the Debtors owed arrearages on their Mortgage in the amount of $27,956.96. After the Modified Plan was confirmed, the Debtors' failure to make payments on the Mortgage continued for another two and a half years causing the arrearages to balloon further. The Debtors' failure to make plan payments on the Mortgage constitutes a substantial default of their obligations under the confirmed Modified Plan. *See In re Neals*, 459 B.R. at 620-21; *cf. Evans v. Stackhouse,* 564 B.R. 513 (E.D. Va. 2017) (holding that any payment made in accordance with the provisions of a chapter 13 plan is a "payment under the plan" as that term is used in the Bankruptcy Code governing the debtor's right to discharge).

The Debtors are now in the final year of their bankruptcy case.[6] There is simply not enough time left in this case for the Debtors to propose another modified plan in good faith that would provide for a cure of the arrearages that have accrued on the Mortgage post-petition. Indeed, the Debtors have not filed any such modified plan. To the contrary, they have made no

---

[6] The Court cannot approve a third modified plan that would extend payments beyond the five-year period it has already approved in the Modified Plan. *See* 11 USC § 1323(d).

4

payments on their Mortgage since the Motion was filed. The arrearages continue to mount. The Court finds that "cause" exists to grant the Motion.

The Court also finds that the Movant lacks adequate protection. It is undisputed that the arrearages, inclusive of fees and costs, totaled $44,342.15 as of June 6, 2016. The Movant asserts that the total amount due on the Mortgage is $143,907.46. The Movant has been and will continue to be compelled to advance monies on the Debtors' behalf to pay real estate taxes on the Property in order to protect its interests. While the Movant attached to its Motion a copy of the tax assessment for the Property that showed an assessed value of $176,900, the Debtors never raised any concern over the existence of equity in the Property or put the issue of an equity cushion before the Court. Accordingly, the Court makes no finding as to valuation. The Modified Plan makes no provision for adequate protection payments to the Movant and with each passing month the Movant's interest in the Property deteriorates. The Debtors advanced no argument at the Hearing for adequate protection and the Debtors' failure to make Mortgage payments continues unabated. Under these circumstances the Court finds that the Movant's interest in the Property is not adequately protected.

The Debtors raise as their primary defense that the Movant lacks standing to bring the Motion because the Movant failed to allege that it was a holder of the note secured by the Mortgage. Given the Debtors' payment history, the argument is disingenuous. The note attached to the Motion as exhibit A[7] is a bearer instrument, as it has been endorsed in blank. *See* Va. Code § 8.3A-205 ("When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone."); *see also Horvath v. Bank of New York, et al.,* 641 F.3d 617, 621 (4th Cir. 2011) ("Instruments may . . . be endorsed in blank, . . . and once

---

[7] A court may consider documents that are attached to the Complaint that are exhibits. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

5

they are so endorsed, they may be negotiated (that is, transferred) by transfer of possession alone . . . .") (citing *Whitworth v. Adams*, 26 Va. (5 Rand) 333 (1827)). At the Hearing, the Debtors offered no evidence to prove that the Movant did not hold the note underlying the Mortgage. Movant's counsel, on the other hand, confirmed that the Movant held the original note. The Debtors failed to carry their burden of proof on this issue. *See* 11 USC § 362(g).

Moreover, the recordings in the land records assigning the deed of trust as well as the filings of record in this case evidence the transfer of the note to the Movant. File 3 attached to Exhibit B of the Motion is a copy of the assignment of deed of trust to "US Bank Trust National Association, as Trustee of the PRP II PALS Investment Trust," recorded in the Clerk's Office of the County of Chesterfield, Virginia, on December 16, 2015. Notice of the transfer of proof of claim number 8 to the Movant was filed in this Court pursuant to Bankruptcy Rule 3001(e)(2)[8] on November 17, 2015.[9] Debtors had been served with notice of the assignment of the claim to the Movant more than a year before the Motion was filed. As Debtors' have filed no objection to claim number 8, it is deemed allowed under 11 USC § 502(a).

The Court finds that the Movant holds the note. "[I]nterest in deeds of trust accompany the promissory notes that they secure." *Horvath*, 641 F.3d at 623. As holder of the original note, Movant has standing to request relief from the automatic stay so that it may enforce its rights under the deed of trust.

---

[8] Bankruptcy Rule 3001(e)(2) requires the transferee of a claim to file evidence of the transfer once a proof of claim has been filed. If timely objection is not filed, the transferee then becomes substituted for the transferor. *See* Fed. R. Bankr. P. 3001(e)(2).

[9] *See* Transfer of Claim 8, Transfer Agreement, *In re Eric R. Blackburn and Kathy S. Blackburn,* Case No. 12-34299-KRH (Bankr. E.D. Va. Nov. 17, 2015), ECF No. 68.

**Conclusion**

For the foregoing reasons, the Court finds that "cause" exists to grant the Motion. The Debtors defaulted not only on their obligation to make regular contract payments on their Mortgage but also on their obligation to make payments in accordance with their confirmed Modified Plan. Furthermore, the Movant's interest in the Property is not adequately protected.

A separate Order was entered on March 30, 2017.

ENTERED: Apr 17 2017

      /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Apr 17 2017